IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SKYWORKS, LTD., CEDARWOOD VILLAGE APARTMENTS I & II OWNER B, LLC; MONARCH INVESTMENT AND MANAGEMENT GROUP, LLC; TOLEDO PROPERTIES OWNER B, LLC; and NATIONAL ASSOCIATION OF HOME BUILDERS, <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION; ROCHELLE P. WALENSKY, in her official capacity as Director, Centers for Disease Control and Prevention; SHERRI A. BERGER, in her official capacity as Acting Chief of Staff, Centers for Disease Control and Prevention; DEPARTMENT OF HEALTH AND HUMAN SERVICES; NORRIS COCHRAN, in his official capacity as acting Secretary of Health and Human Services; MONTY WILKINSON, in his official capacity as Acting Attorney General of the United States, <br><br> Defendants. | Case No. 5:20-cv-02407-JPC <br><br> JUDGE J. PHILIP CALABRESE <br><br> MAGISTRATE JUDGE CARMEN E. HENDERSON |

**PLAINTIFFS' MOTION TO CLARIFY OR AMEND JUDGMENT**

1

Pursuant to Federal Rules of Civil Procedure 59(e), Plaintiffs respectfully request that this Court clarify or amend its Opinion and Order and Judgment, both entered on March 10, 2021 (ECF# 54 and 55), to make clear that the Court's decision setting aside the CDC's eviction moratorium vacated the CDC's Order and thus applied beyond just the Plaintiffs in this case and to all affected parties nationally, or at least to other affected parties within the Northern District of Ohio. In support of the Motion, Plaintiffs state as follows:

In its March 10 Opinion and Order, this Court held that the CDC lacked the statutory and regulatory authority under 42 U.S.C. 264(a) and 42 CFR 70.2 to issue an eviction moratorium. Opinion and Order at 23. Stating that "[t]he most natural and logical reading of the statute as a whole does not extend the CDC's power as far as Defendants maintain," the Court concluded that "[t]he eviction moratorium in the CDC's orders exceeds the statutory authority Congress gave the agency." *Id*. *See also id*. at 30.

As a result, under section 706 of the Administrative Procedure Act, which directs that a reviewing court "shall hold unlawful and set aside" agency action "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), the Court concluded that because the "CDC exceeded the authority Congress gave it in Section 361, the Court holds that action unlawful and sets it aside, as the APA requires." Op. at 29.

Although the Court concluded that Plaintiffs were not entitled to an injunction, it nonetheless held that they were entitled to a declaratory judgment.

> The Court determines that the Centers for Disease Control and Prevention's orders—Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020) and Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8020 (Feb. 3, 2021)—exceed the agency's statutory authority provided in Section 361 of the Public Health Service Act, 42 U.S.C. § 264(a), and the regulation at 42 C.F.R. § 70.2 promulgated pursuant to the statute, and are, therefore, invalid.

*Id*. at 30.

The Court's holding is clear. The CDC's Orders exceed its statutory and regulatory authority and are therefore set aside and declared invalid as to all affected parties, not just the Plaintiffs. "'When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.'" *National Mining Assoc. v. U.S. Army Corp of Engineers*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)). *See also Cumberland Med. Ctr. v. Sec'y of Health & Hum. Servs.*, 781 F.2d 536 (6th Cir. 1986) (holding that an arbitrary and capricious agency rule was invalid and granting relief that treated the rule as void ab initio).

Defendants, however, have stated that they consider this Court's ruling to apply only to the Plaintiffs. *See* Press Release, Department of Justice, Department of Justice Issues Statement Regarding Decision in Skyworks v. CDC (March 12, 2021) (stating that "the Department of Justice respectfully disagrees with" this Court's decision and that "[i]n any event, the decision only applies to the particular plaintiffs in that case. It does not prohibit the application of the CDC's eviction moratorium to other parties. For other landlords who rent to covered persons, the CDC's eviction moratorium remains in effect.") (available at https://www.justice.gov/opa/pr/department-justice-issues-statement-regarding-decision-skyworks-v-cdc). This is consistent with recent Department of Justice policy concerning decisions that set aside agency action under the APA. *See* Memorandum from the Office of the Att'y Gen. to the Heads of Civil Litigating Components U.S. Attorneys, Litigation Guidelines for Cases Presenting the Possibility of Nationwide Injunctions 7-8 (Sept. 13, 2018) (available at https://www.justice.gov/opa/press-release/file/1093881/download).

While Plaintiffs agree that the Court's ruling necessarily applies to the Plaintiffs (including to NAHB's members throughout the nation, which Defendants have conceded), Plaintiffs submit that, as a decision setting aside the CDC's Orders, the Court's ruling necessarily applies to all affected parties beyond just the Plaintiffs in this case.

"The Federal Rules grant district courts broad discretion to 'alter or amend a judgment' or to grant 'relief from a judgment or order.'" *Singh Mgmt. Co., LLC v. Singh Dev. Co., Inc.*, 774 Fed. App'x 921, 925 (6th Cir. 2019) (citing rules 59(e) and 60(a) and (b)). This includes the discretion to clarify judgments. *See id*. (reversing district court's denial of motion to clarify or amend). In particular, Rule 59(e) allows courts to reconsider or clarify "matters properly encompassed in a decision on the merits." *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020). The Federal Rules of Civil Procedure give district courts ample discretion to clarify or amend judgments as justice and necessity require. *See* Power and Discretion of Court, 11 Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Civ. § 2803 (3d ed. 2012)

Accordingly, Plaintiffs respectfully request that this Court enter an order clarifying that its ruling vacated the CDC's Orders under section 706 of the APA not only to the Plaintiffs in this case, but to all affected parties nationally or, in the alternative, Plaintiffs and any affected parties within the Northern District of Ohio.

DATED: April 7, 2021.

Respectfully submitted:

/s/ Steven M. Simpson
STEVEN M. SIMPSON*
DC Bar No. 462553
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, VA, 22201
Tel: (202) 888-6881
SSimpson@pacificlegal.org

MAURICE A. THOMPSON
(0078548)
1851 Center for Constitutional Law
122 E Main St.
Columbus, OH 43215
Tel: (614) 340-9817
Mthompson@ohioconstitution.org

LUKE A. WAKE*
DC Bar No. 1009181
ETHAN W. BLEVINS*
Washington State Bar No. 48219
HANNAH SELLS MARCLEY*
Washington State Bar No. 52692
Pacific Legal Foundation
930 G Street
Sacramento CA 95814
Tel: (916) 419-7111
Fax: (916) 419-7747
LWake@pacificlegal.org
EBlevins@pacifclegal.org
HMarcley@pacificlegal.org

*Pro Hac Vice

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2021, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will cause a copy to be served upon counsel of record.

By /s/ *Steven M. Simpson*
STEVEN M. SIMPSON