**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SKYWORKS, LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>Defendants. | Case No. 5:20-cv-2407<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Carmen E. Henderson |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO CLARIFY OR AMEND JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................ 1

ARGUMENT ........................................................................ 2

I. Plaintiffs Lack Standing To Seek To Expand the Court's Judgment To Benefit Third Parties. ........................................................................ 2

II. Plaintiffs Have Not Demonstrated They Are Entitled to Relief Under Rule 59(e). .................. 4

CONCLUSION ........................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*Abbott Labs. v. Gardner*,
387 U.S. 136 (1967) .......... 8-9

*Aluminum Workers Int'l Union, AFL-CIO, Loc. Union No. 215 v. Consol. Aluminum Corp.*,
696 F.2d 437 (6th Cir. 1982) .......... 8

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986) .......... 3

*Brown v. Azar*,
--- F. Supp. 3d ----, No. 20-3702, 2020 WL 6364310 (N.D. Ga. Oct. 29, 2020) .......... 6

*Califano v. Yamasaki*,
442 U.S. 682 (1979) .......... 8

*California v. Azar*,
911 F.3d 558 (9th Cir. 2018) .......... 9

*Camreta v. Greene*,
563 U.S. 692 (2011) .......... 5

*Chambless Enters., LLC v. Redfield*,
--- F. Supp. 3d ----, No. 20-1455, 2020 WL 7588849 (W.D. La. Dec. 22, 2020) .......... 6

*Columbia Broadcasting System v. United States*,
316 U.S. 407 (1942) .......... 11

*DHS v. New York*,
140 S. Ct. 599 (2020) .......... 7, 8

*FDIC v. World Univ. Inc.*,
978 F.2d 10 (1st Cir. 1992) .......... 4

*Ford Motor Co. v. NLRB*,
305 U.S. 364 (1939) .......... 11

*Foster v. DeLuca*,
545 F.3d 582 (7th Cir. 2008) .......... 4

*Gasperini v. Center for Humanities, Inc.*,
518 U.S. 415 (1996) .......... 5

*GenCorp, Inc. v. Am. Int'l Underwriters*,
178 F.3d 804 (6th Cir. 1999) .......... 4

*Gill v. Whitford*,
138 S. Ct. 1916 (2018) .......... 3, 8

*Gun Owners of Am., Inc. v. Garland*,
992 F.3d 446 (6th Cir. 2021) .......... 2, 5, 6, 7

*Hecht Co. v. Bowles*,
321 U.S. 321 (1944) .......... 8

*Hines v. Comm'r of Soc. Sec.*,
414 F. Supp. 3d 1080 (S.D. Ohio 2019) .......... 4

*Holland v. Nat'l Mining Ass'n*,
309 F.3d 808 (D.C. Cir. 2002) .......... 7

*L.A. Haven Hospice, Inc. v. Sebelius*,
638 F.3d 644 (9th Cir. 2011) .......... 9

*Lujan v. National Wildlife Federation*,
497 U.S. 871 (1990) .......... 10

*Madsen v. Women's Health Ctr., Inc.*,
512 U.S. 753 (1994) .......... 8

*Mayor & City Council of Baltimore v. Azar*,
No. 19-1103, 2020 WL 1873947 (D. Md. Apr. 15, 2020) .......... 9

*Montgomery County, Maryland v. Federal Communications Commission*,
863 F.3d 485 (6th Cir. 2017) .......... 10

*National Mining Association v. U.S. Army Corps of Engineers*,
145 F.3d 1399 (D.C. Cir. 1998) .......... 10, 11

*Ohio A. Philip Randolph Inst. v. Larose*,
761 F. App'x 506 (6th Cir. 2019) .......... 5

*R.E. Dailey & Co. v. John Madden Co.*,
No. 92-1397, 1992 WL 405282 (6th Cir. Dec. 15, 1992) .......... 7

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*,
146 F.3d 367 (6th Cir. 1998) ........ 4

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ........ 3

*Stojetz v. Ishee*,
No. 04-263, 2015 WL 196029 (S.D. Ohio Jan. 13, 2015) ........ 4

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
137 S. Ct. 1645 (2017) ........ 3

*Trump v. Hawaii*,
138 S. Ct. 2392 (2018) ........ 7, 8, 11

*United States v. Mendoza*,
464 U.S. 154 (1984) ........ 8

*Va. Society for Human Life, Inc. v. FEC*,
263 F.3d 379 (4th Cir. 2001) ........ 9

*Wallace v. FedEx Corp.*,
764 F.3d 571 (6th Cir. 2014) ........ 7

*Warth v. Seldin*,
422 U.S. 490 (1975) ........ 3

*Weinberger v. Romero-Barcelo*,
456 U.S. 305 (1982) ........ 8

**STATUTES**

5 U.S.C. § 703 ........ 8

5 U.S.C. § 706 ........ 1, 9

28 U.S.C. § 1391 ........ 10

28 U.S.C. § 2201 ........ 1, 9

Act of Oct. 15, 1914,
63 Cong. ch. 323, 38 Stat. 730 ........ 11

Communications Act of 1934,
73 Cong. ch. 652, 48 Stat. 1064 ........ 11

Hepburn Act,
59 Cong. ch. 3591, 34 Stat. 584 (1906) ........ 11

**FEDERAL RULES**

Federal Rule of Civil Procedure 59(e) ........ 1

**OTHER AUTHORITIES**

18 J. Moore et al., Moore's Federal Practice § 134.02 (3d ed. 2011) ........ 5

S. Doc. No. 75-42 (1937). ........ 11

## INTRODUCTION

On March 10, 2021, the Court issued an Opinion and Order explaining that a court may "declare the rights and other legal relations *of any interested party seeking such declaration*." Op. 30, ECF No. 54 (quoting 28 U.S.C. § 2201(a)) (emphasis added)). Accordingly, in resolving this case, it held that "*Plaintiffs here* are entitled to declaratory judgment," Op. 30 (emphasis added) (citing 28 U.S.C. § 2201(a)), and found the Centers for Disease Control (CDC) eviction moratorium Order "unlawful and set[] it aside," *id.* at 29 (citing 5 U.S.C. § 706(2)(C)); *see also* Judgment, ECF No. 55 ("declar[ing]" the CDC Order "invalid"). At the same time, the Court denied injunctive relief, explaining that "the Court does not read Section 706 of the APA [Administrative Procedure Act] as mandating injunctive relief every time an agency exceeds its statutory authority," Op. 30. Although Defendants respectfully disagree with the Court's conclusion on the merits, there is no dispute that the CDC Order no longer applies to Plaintiffs here (unless and until the government successfully appeals). Thus, as a result of the judgment in this matter, this Court has resolved Plaintiffs' claims, and Plaintiffs have been afforded complete relief.

Nonetheless, Plaintiffs now seek to expand the judgment to apply "to all affected parties nationally," or alternatively, to Plaintiffs "and any affected parties within the Northern District of Ohio." Pls.' Mot. 4, ECF No. 57. But Plaintiffs do not deny that they have been provided total relief as a result of the Court's judgment, nor do they claim any ongoing injury stemming from the CDC Order's application to other parties not before this Court. They therefore lack standing to seek to expand the scope of the judgment in a manner that could affect only third parties.

Nor do Plaintiffs meet the high standard required to warrant the extraordinary remedy of relief under Federal Rule of Civil Procedure 59(e). Plaintiffs raise no argument that could not have been presented to the Court prior to judgment. And not only do they fail to show the type of clear error required for a Rule 59(e) motion to be granted, they are simply incorrect that 5 U.S.C. § 706 requires

nationwide—or even districtwide—vacatur.

Indeed, Plaintiffs' request for nationwide vacatur flatly contradicts the Sixth Circuit's recent directive that the scope of relief in a challenge to agency action "may not exceed" that court's jurisdiction. *Gun Owners of Am., Inc. v. Garland*, 992 F.3d 446, 474 (6th Cir. 2021). As the Sixth Circuit emphasized, district courts lack authority to overrule courts within other circuits, and the type of universal relief Plaintiffs seek here would effectively cut off review in all other fora and "create an absurd situation in which [an agency] must prevail in every single case brought against [an agency action] in order for its interpretation to prevail." *Id.* That concern is particularly acute here, where two other district courts have concluded that the CDC Order falls within the scope of CDC's statutory authority, and similar challenges to the Order are pending in three federal courts of appeals and four additional district courts. Moreover, neither the Sixth Circuit nor any other federal appellate court has adopted Plaintiffs' interpretation of the APA, which would *mandate* nationwide vacatur as the default remedy any time a court found an agency action violated section 706. And it is inconsistent with traditional principles of equity, as well as the APA's text and history. Finally, even if the Court could exercise its discretion to extend the judgment to this entire district, Plaintiffs provide no basis whatsoever as to why it should do so.

The Court should thus deny Plaintiffs' motion and confirm that, consistent with longstanding constitutional and equitable principles, the judgment here applies to Plaintiffs alone.

## ARGUMENT

### I. Plaintiffs Lack Standing To Seek To Expand the Court's Judgment To Benefit Third Parties.

Having obtained complete relief on their claims, Plaintiffs lack standing to seek to expand this Court's judgment to benefit other parties. As this Court has explained, "'Article III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant' and that 'the injury fairly can be

traced to the challenged action and is likely to be redressed by a favorable decision.'" Op. 15 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 542 (1986) (cleaned up)). And because standing "is not dispensed in gross," a plaintiff "must demonstrate standing for each claim he seeks to press *and for each form of relief that is sought*." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (emphasis added) (citation omitted).

It follows that any remedy ordered by a federal court must "be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018) (citation omitted). Thus, if Plaintiffs wish to try to expand this Court's judgment to benefit third parties, they must demonstrate that the Order's application to other landlords somehow injures *Plaintiffs* in a "personal and individual way," *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted). Put differently, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Plaintiffs make no effort to satisfy these bedrock requirements. To be sure, the Complaint alleges that the CDC Order injures Plaintiffs themselves when it is applied as to properties they personally own. *See, e.g.*, Compl. ¶ 46, ECF No. 1 ("Because of the CDC order, Skyworks, Ltd. is unable to reclaim its property or rent the unit to other tenants who are just as deserving of housing as the current, non-paying, tenants."); *id.* ¶ 48 (similar, as to Cedarwood Village); *id.* ¶ 57 (similar, as to National Association of Homebuilders (NAHB) and its members). But neither the Complaint nor Plaintiffs' motion articulates any theory of why nationwide—or districtwide—relief is necessary to remedy an ongoing injury that *Plaintiffs* are personally suffering as a result of the CDC Order. In short, Plaintiffs lack standing to seek to expand this Court's judgment to benefit other parties, and their motion should be denied on that basis alone.

## II. Plaintiffs Have Not Demonstrated They Are Entitled to Relief Under Rule 59(e).

Even if Plaintiffs had standing, they have not demonstrated entitlement to relief under Rule 59(e). "Relief under Rule 59(e) is an 'extraordinary remedy' reserved for exceptional cases." *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (quoting *Stojetz v. Ishee*, No. 04-263, 2015 WL 196029, at *1 (S.D. Ohio Jan. 13, 2015)); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case . . . ."). Rule 59(e) motions may be granted in only limited circumstances: "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Such motions are not proper vehicles "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Plaintiffs invoke none of the Rule 59(e) factors in their motion, nor do they advance any argument that could not have been raised in prior briefing. Defendants have consistently explained that constitutional and equitable principles require that any relief granted in this action be limited to Plaintiffs with standing to sue. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 36–37, ECF No. 23. Plaintiffs argued in response that a nationwide injunction was appropriate because of Plaintiff NAHB's nationwide membership, but failed to raise the argument they now press regarding the scope of relief under the APA. *See* Pls.' Reply in Supp. of Mot. for Prelim. Inj. 1 n.1, ECF No. 33. The Court considered, and rejected, the argument Plaintiffs chose to raise, finding that "an injunction is not appropriate" here. Op. 30. And nationwide relief—whether framed as an injunction or vacatur—is demonstrably unnecessary to make NAHB whole, as the parties agree that the judgment already benefits those NAHB members who were members at the time the complaint was filed, who identify themselves and agree to be bound by the ultimate resolution of this litigation, and who rent residential

properties to covered persons who have claimed the CDC Order's protections. *See* Pls.' Mem. 3 n.1, ECF No. 58.

To the extent Plaintiffs argue that limiting the judgment to them constitutes clear error—or any error at all—they are incorrect. Plaintiffs' position would require district courts to enter nationwide relief by default whenever they find agency action unlawful. *See* Pls.' Mem. 6–9. But Plaintiffs point to no court so holding. Instead, as the Sixth Circuit recently observed, it would be inappropriate for a district court within this Circuit to exceed its jurisdictional limits and impose its views on all other courts throughout the country. *See Gun Owners*, 992 F.3d at 473–74. To do so would have the result of quashing judicial disagreements among lower courts (as exist here) and encouraging agencies to rush to the Supreme Court any time they received an adverse decision under the APA. *See id.* Plaintiffs' theory is inconsistent with traditional principles of equity, at odds with the holdings of multiple federal courts of appeals, and unsupported by the APA's text or history.

**1.** Plaintiffs' request for nationwide relief contravenes basic principles of federal court jurisdiction—to which this Court's limited judgment appropriately adheres. It is axiomatic that whereas the precedent of the Supreme Court governs nationwide, and the binding precedent of a court of appeals governs within the circuit, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). As the Sixth Circuit has observed, "given the general rule that district court judges are not bound by other judges within the district, it is dubious that a lone district judge can single-handedly proclaim that all precedent within the district is horizontally binding." *Ohio A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 513–14 n.4 (6th Cir. 2019) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 469 n.10 (1996) (noting that "if there is a federal district court standard, it must come from the Court of Appeals, not from the [many]

district court judges in [each district], each of whom sits alone and renders decisions not binding on the others." (alterations in original))). This Circuit recently reemphasized the importance of such jurisdictional limitations in the APA context, directing that the scope of an injunction against agency action "*may not* exceed the bounds of the four states within the Sixth Circuit's jurisdiction" and recognizing that the injunction was required to apply only to "the parties themselves." *Gun Owners*, 992 F.3d at 474 (emphasis added). That court made explicit that it "would not purport to issue a universal or nationwide injunction," particularly because other federal courts of appeals had agreed with the agency's view, and it was not "within [the Sixth Circuit's] authority to overrule the decision of a sister circuit (or for a district court within our circuit to do so)." *Id.* So too here.

Granting nationwide relief would be especially problematic here because multiple other courts are considering challenges to the same agency action. As the Court is aware, two of those courts reached the opposite conclusion as it, finding that the CDC Order fell within the scope of the agency's statutory authority. *See Brown v. Azar*, --- F. Supp. 3d ----, No. 20-3702, 2020 WL 6364310, at *6–10 (N.D. Ga. Oct. 29, 2020), *appeal filed*, No. 20-14210 (11th Cir.), *mot. for inj. pending appeal denied*, No. 20-14210 (11th Cir. Dec. 17, 2020); *Chambless Enters., LLC v. Redfield*, --- F. Supp. 3d ----, No. 20-1455, 2020 WL 7588849, at *3–9 (W.D. La. Dec. 22, 2020), *appeal filed*, No. 21-30037 (5th Cir.). Those decisions are pending on appeal in the Fifth and Eleventh Circuits. Additional challenges to the CDC Order are also pending in the Fifth and Sixth Circuits, as well as in district courts within the Third, Eighth, and District of Columbia Circuits.[1] *See Tiger Lily LLC v. U.S. Dep't of Housing & Urban Dev.*, No. 21-5256 (6th Cir.); *Terkel v. CDC*, No. 21-40137 (5th Cir.); *Ala. Ass'n of Realtors v. U.S. Dep't of*

[1] The only other court to have opined that the CDC Order exceeded the agency's statutory authority explicitly limited the reach of the judgment to its district, bolstering the point that, at a minimum, nationwide vacatur is not required here. *See Tiger Lily LLC v. U.S. Dep't of Housing & Urban Dev.*, No. 20-2692, ECF No. 103 (W.D. Tenn. Mar. 15, 2021), *appeal filed*, No. 21-5256 (6th Cir.).

*Health & Human Servs.*, No. 20-3377 (D.D.C.); *Dixon Ventures v. Azar*, No. 20-1518 (E.D. Ark.); *Landlord Service Bureau, Inc. v. CDC*, No. 21-364 (W.D. Pa.); *Mossman v. CDC*, No. 21-28 (N.D. Iowa). Indeed, the Eleventh Circuit appeal is fully briefed and set for oral argument on May 14; principal briefs have been filed in the *Chambless* case in the Fifth Circuit; the opening brief in the *Terkel* case in the Fifth Circuit was filed April 26; and the opening brief in *Tiger Lily* in this Circuit is due May 12.[2] Rather than render rulings favorable to the government in any of those cases meaningless as a practical matter (and contradict the Sixth Circuit's caution against doing so), the Court should deny Plaintiffs' motion and make clear that its judgment is limited to Plaintiffs.

Nationwide vacatur of agency regulations is undesirable for additional practical reasons. As *Gun Owners* makes plain, nationwide injunctions produce "absurd" results, insofar as they force an agency to "prevail in every single case" if its interpretation is to win out. 992 F.3d at 474. Cutting off the development of the law in different jurisdictions also eliminates the "value" the Sixth Circuit has recognized in "having legal issues 'percolate' in the lower courts." *Id.*; *accord Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring); *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring); *Holland v. Nat'l Mining Ass'n*, 309 F.3d 808, 815 (D.C. Cir. 2002) ("Allowing one circuit's statutory interpretation to foreclose . . . review of the question in another circuit" would "squelch the circuit disagreements that can lead to Supreme Court review."). Such percolation "produc[es] a more thorough review of the issue," providing, in turn, "a stable, more accurate body of law in the long run." *Gun Owners*, 992 F.3d at 474. As Justice Thomas has observed, nationwide relief has the further perverse effects of "encouraging forum shopping, and making every case a national emergency for the

---

2 As Plaintiffs implicitly recognize, the order issued by a motions panel of the Sixth Circuit in *Tiger Lily* is "not strictly binding upon subsequent panels." *Wallace v. FedEx Corp.*, 764 F.3d 571, 583 (6th Cir. 2014); *see also R.E. Dailey & Co. v. John Madden Co.*, No. 92-1397, 1992 WL 405282, at *1 n.1 (6th Cir. Dec. 15, 1992) (unpublished) ("we are not bound to follow the decision of the motions panel").

courts and for the Executive Branch." *Hawaii*, 138 S. Ct. at 2425 (Thomas, J., concurring). In the absence of nationwide vacatur, the government is not immediately bound by the first case it loses, *see United States v. Mendoza*, 464 U.S. 154, 160 (1984), and the way to obtain relief for every potential plaintiff without creating a profusion of lawsuits is to file a class action, in which plaintiffs are bound to a favorable or unfavorable judgment, *see Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Nationwide injunctions, by contrast, are to be avoided as inequitable one-way class actions, as Justice Gorsuch recently recognized. *See New York*, 140 S. Ct. at 601 (Gorsuch, J., concurring).

**2.** The Sixth Circuit has long recognized that "equitable relief is an extraordinary remedy to be cautiously granted," and thus "the scope of relief should be strictly tailored to accomplish only that which the situation specifically requires and which cannot be attained through legal remedy." *Aluminum Workers Int'l Union, AFL-CIO, Loc. Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 446 (6th Cir. 1982). The Supreme Court more recently affirmed that equitable principles require that any relief "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (citation omitted). Under these settled principles, a court may order a remedy that applies beyond the parties only where required to afford full relief to the plaintiff. *See Gill*, 138 S. Ct. at 1930–31; *Madsen*, 512 U.S. at 765.

Nothing in the APA alters these principles. *Contra* Pls.' Mem. 8–9. Congress enacted the APA against a background rule that statutory remedies should be construed in accordance with "traditions of equity practice," *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944), and courts do "not lightly assume that Congress has intended to depart from established [equity] principles," *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Indeed, the APA provides that, absent a special review statute, "[t]he form of proceeding for judicial review" includes such traditional "form[s] of legal action" as "actions for declaratory judgments or writs of prohibitory or mandatory injunction." 5 U.S.C. § 703. The "declaratory judgment and injunctive remedies [under the APA] are equitable in nature," *Abbott Labs.*

*v. Gardner*, 387 U.S. 136, 155 (1967), and as discussed, are traditionally understood as limited to determining the rights of the parties before the court, *see* 28 U.S.C. § 2201 (providing that a court "may declare the rights and other legal relations *of any interested party* seeking such declaration" (emphasis added)).

Proving the point, federal courts have relied on these equitable principles to reverse grants of nationwide relief against federal regulations. *See, e.g.*, *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (narrowing injunction to redress injury shown to plaintiffs only); *L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664–65 (9th Cir. 2011) (similar); *Va. Society for Human Life, Inc. v. FEC*, 263 F.3d 379, 393–94 (4th Cir. 2001) (similar). These courts have explicitly recognized that "[n]othing in the language of the APA" requires "an order setting aside [an unlawful] regulation for the entire country." *Va. Society for Human Life*, 263 F.3d at 393–94; *see also Mayor & City Council of Baltimore v. Azar*, No. 19-1103, 2020 WL 1873947, at *3–4 (D. Md. Apr. 15, 2020) (rejecting Rule 59(e) motion seeking nationwide vacatur). Because Plaintiffs claim no injury as a result of the ongoing application of the CDC Order to others—or identify so much as an interest in whether the Order applies to third parties—it would be entirely inconsistent with both Article III and traditional principles of equity to extend the scope of the judgment beyond Plaintiffs. And the fact that the *merits* turn on purely legal issues does not mean that the *remedy* may be broader in scope than required to afford complete relief to Plaintiffs. *Contra* Pls.' Mem. 10.

**3.** The text and history of the APA do not require a different result. To begin, there is no textual support for the argument that the APA's provision that a "reviewing court shall . . . hold unlawful and set aside agency action" would require a district court to set aside agency action *universally*, rather than as applied to the parties. 5 U.S.C. § 706(2). The term "set aside" does not itself indicate that the action should be "set aside" as to anyone other than a plaintiff, much less compel courts to issue nationwide relief in every case. *Accord Va. Society for Human Life*, 263 F.3d at 393–94. Plaintiffs'

only argument is that that the Supreme Court has occasionally used the term "set aside" to describe a lower court's vacatur of a rule as to all affected parties. *See* Pls.' Mem. 6.[3] Even accepting that premise, however, it does not follow that the term "set aside" *must* refer, or *always* refers, to nationwide vacatur. Numerous federal courts have reached the opposite conclusion.

Plaintiffs cite no case to the contrary. *See* Pls.' Mem. 2, 9. The only Sixth Circuit case they characterize as vacating an agency order pursuant to the APA, *Montgomery County, Maryland v. Federal Communications Commission*, 863 F.3d 485 (6th Cir. 2017), in fact did not address the scope of the vacatur of the orders at issue, and certainly did not suggest that nationwide vacatur is mandatory. *See id.* at 491–92. The D.C. Circuit's decision in *National Mining Association v. U.S. Army Corps of Engineers*, 145 F.3d 1399 (D.C. Cir. 1998), turned in part on the practical concern that limiting relief to the named plaintiffs would trigger "a flood of duplicative litigation" in the District of Columbia, which is unique in that venue often lies there for *any* party aggrieved by agency action. *Id.* at 1409 (citing 28 U.S.C. § 1391(e)). The court specifically noted that the same rationale does not apply in other jurisdictions, *see id.*, and while it observed that vacatur is the "ordinary result" of a successful facial challenge to an agency regulation in that circuit, it did not hold that nationwide vacatur was *required*, *see id.* And Justice Blackmun's dissent in *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990)—a case that concerned not the scope of APA relief, but whether the plaintiffs had challenged an identifiable "agency action" or were sufficiently aggrieved to bring suit in the first place, *see id.* at 889–90—does not counsel otherwise, *see id.* at 913 (Blackmun, J., dissenting) (stating that, in "some cases," a single plaintiff "may obtain 'programmatic' relief" under the APA that affects other parties). Putting aside whether

[3] Plaintiffs cite three cases in which the Supreme Court used the term "set aside" to describe lower courts' holdings. *See* Pls.' Mem. 6. The scope of the relief granted was not at issue in those cases, and the Supreme Court did not address it.

Plaintiffs are correct in contending that Justice Blackmun "apparently express[ed] the view of all nine Justices," Pls.' Mem. 9 (quoting *Nat'l Mining*, 145 F.3d at 1409), no court has interpreted this dissent to mean that nationwide vacatur is required in every APA case.

Nor does the historical background of the APA support the conclusion Plaintiffs urge. At the time of the APA's enactment, consistent with traditional Article III and equitable principles, nationwide injunctions were all but unknown. *See, e.g.*, *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939) (in reviewing agency action shortly before the APA was enacted, the usual "equitable principles governing judicial action" applied); *see also Hawaii*, 138 S. Ct. at 2427–29 (Thomas, J., concurring) (explaining the lack of historical precedent for universal injunctions). Indeed, a 1937 report to Congress from the Attorney General recorded 1,600 separate injunctions issued against a single piece of New Deal tax legislation in just over six months, while also noting that collection of the tax from those who had not filed suits continued. S. Doc. No. 75-42, at 1, 3 (1937).

The absence of such sweeping relief at that time is particularly notable given the multiple pre-APA statutes providing that courts could "set aside" agency action held unlawful. *See, e.g.*, Hepburn Act, 59 Cong. ch. 3591, § 4, 34 Stat. 584, 589 (1906); Act of Oct. 15, 1914, 63 Cong. ch. 323, § 11, 38 Stat. 730, 735–36; Communications Act of 1934, 73 Cong. ch. 652, §§ 402, 408, 48 Stat. 1064, 1093, 1096. Contrary to Plaintiffs' contention, *Columbia Broadcasting System v. United States*, 316 U.S. 407 (1942), which dealt with a challenge brought under the Communications Act of 1934, did not address the proper scope of remedy under the APA, or the meaning of the phrase "set aside" prior to its enactment. *Contra* Pls.' Mem. 7. It certainly did not suggest that a regulation "set aside" under the APA must be invalidated on a nationwide basis. That case merely held that the plaintiffs' allegations were sufficient to permit it to challenge the agency rule at issue and continued a stay of the rule until those plaintiffs' claims had been resolved. *Columbia Brod. Sys.*, 316 U.S. at 424. Accordingly, history supports the view that the proper reach of a "set aside" under the APA should be no broader than

necessary to provide full relief to the plaintiffs.

## CONCLUSION

For these reasons, Plaintiffs' motion to clarify or amend the judgment should be denied, and the Court should confirm that the judgment applies to Plaintiffs alone.

Dated: April 29, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: April 29, 2021

*/s/ Leslie Cooper Vigen*
Trial Attorney